## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEROXYCHEM LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     CASE NO.: 2:18-CV-02741-PD |
| | : |
| ECOLAB, INC., WILLIE C. HUGHES, III, | : |
| JASON BROMLEY, and | : |
| JOSHUA CHANCEY. | : |
| | : |
| Defendants. | : |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT ECOLAB, INC., TO PLAINTIFF'S
## SECOND AMENDED VERIFIED COMPLAINT

Defendant Ecolab, Inc. ("Ecolab") respectfully submits this Answer and Affirmative Defenses to the Second Amended Verified Complaint ("Second Amended Verified Complaint") of Plaintiff PeroxyChem LLC ("PeroxyChem").

## ANSWER

For its Answer to Plaintiff's Second Amended Verified Complaint, Ecolab states as follows:

The allegations contained in the introductory paragraph of the Second Amended Verified Complaint are legal conclusions and characterizations of the claims contained in the Second Amended Verified Complaint and, therefore, require no response. To the extent a response is required, Ecolab denies the allegations contained in the introductory paragraph of the Second Amended Verified Complaint.

## NATURE OF THE ACTION

1.      Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Amended Verified Complaint and, therefore, such allegations are denied.

2.      The allegations in paragraph 2 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Ecolab denies the averments directed to Ecolab.  The remaining allegations are directed to other parties, and therefore Ecolab is not required to respond to those allegations.  To the extent a response to these allegations is deemed required, the remaining allegations are denied.

3.      The allegations in paragraph 3, inclusive of subparts (a) through (c), of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations of this paragraph are denied.

4.      The allegations in paragraph 4 of Plaintiff's Second Amended Verified Complaint are denied.

5.      The allegations in paragraph 5 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations of this paragraph are denied.

6.      The allegations in paragraph 6, inclusive of subparts (a) through (d), of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  By way of further response, paragraph 6 and its subparts refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is

FPDOCS 34134633.3

improper; therefore, such allegations are denied.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

7.      The allegations in paragraph 7 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further of response, the allegations in this paragraph refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

8.      The allegations in paragraph 8 of Plaintiff's Second Amended Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.  By way of further response, it is denied that Ecolab "plan[ned] to steal PeroxyChem's poultry business for" itself.

9.      The allegations in paragraph 9, inclusive of subparts (a) through (m), of Plaintiff's Second Amended Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.  If a response is required, the allegations of this paragraph are denied.

FPDOCS 34134633.3

10.     The allegations in paragraph 10 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further of response, the allegations in this paragraph rely on writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

11.     The allegations in paragraph 11 Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

12.     The allegations in paragraph 12 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

## **PARTIES**

13.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

14.     The allegations in paragraph 14 of Plaintiff's Second Amended Verified Complaint are denied.  By way of further response, Mr. Hughes' address is not 174 Fox Grape Lane, Amherst, Virginia 24521.

15.     The allegations in paragraph 15 of Plaintiff's Second Amended Verified Complaint are, upon information and belief, admitted.

4

16.     The allegations in paragraph 16 of Plaintiff's Second Amended Verified Complaint are denied.  By way of further response, Mr. Chancey's address is not 307 Chancey Drive, Cherrylog, GA 30522.

17.     The allegations in paragraph 17 of Plaintiff's Second Amended Verified Complaint are admitted.

18.     The allegations in paragraph 18 of Plaintiff's Second Amended Verified Complaint are denied as stated.  Ecolab competes in businesses in which PeroxyChem does not compete.  As such, PeroxyChem and Ecolab are not "direct competitors," without limitation.

## JURISDICTION AND VENUE

19.     The allegations in paragraph 19 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

20.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

21.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

22.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

23.     The allegations in paragraph 23 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no to which no responsive pleading is needed.  To the extent

that any remaining aspects of this paragraph are deemed factual, it is admitted that Ecolab regularly conducts business in Pennsylvania and in the County of Philadelphia, and Ecolab is registered with the Pennsylvania Secretary of State to conduct business in Pennsylvania.

24.     The allegations in paragraph 24 of Plaintiff's Second Amended Verified Complaint are admitted in part and denied in part.  It is admitted only that that Ecolab regularly conducts business in Philadelphia County.   The remaining allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

## FACTUAL BACKGROUND

25.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

26.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

27.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

28.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

FPDOCS 34134633.3

29.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied as stated.

30.     The allegations contained in paragraph 30 of Plaintiff's Second Amended Verified Complaint are admitted in part and denied in part.  It is admitted only, upon information and belief, that PeroxyChem provides specialty chemicals for direct food contact to the poultry industry.  The remaining allegations in this paragraph are denied as stated.

31.     The allegations contained in paragraph 31 of Plaintiff's Second Amended Verified Complaint are admitted in part and denied in part.  It is admitted only that PeroxyChem provides poultry interventions for direct food contact and related processing technologies.  The remaining allegations in this paragraph are denied.

32.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

33.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

34.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

35.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

36.     The allegations in paragraph 36 of Plaintiff's Second Amended Verified Complaint are admitted.

37.     The allegations in paragraph 37 of Plaintiff's Second Amended Verified Complaint are denied as stated.  By way of further response, Ecolab provides products and services for the following industries:  Buildings & Facilities; Chemical Processing; Commercial Laundries; Energy Exploration & Production; Food & Beverage Processing; Foodservice; Hospitality; Manufacturing; Mining & Mineral Processing; Oil & Gas Midstream; Power Generation; Primary Metals; Pulp & Paper; Refining, Fuel Additives & Petrochemical; and Retail.

38.     The allegations in paragraph 38 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further response, PeroxyChem and Ecolab are not direct competitors in that Ecolab offers poultry processing products and services that PeroxyChem does not.

39.     The allegations in paragraph 39 of Plaintiff's Second Amended Verified Complaint are admitted in part and denied in part.  It is admitted only that Ecolab sells chemical products used by poultry processors to reduce pathogens, such as *E. coli* and *Salmonella*, on uncooked poultry.  Ecolab is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph, and accordingly, such allegations are denied.

40.     The allegations in paragraph 40 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.  By way of further

FPDOCS 34134633.3

response, Ecolab is without knowledge or information sufficient to form a belief as to the truth of these allegations and, accordingly, such allegations are denied.

41.     The allegations in paragraph 41 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

42.     The allegations in paragraph 42 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

43.     The allegations in paragraph 43 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

44.     The allegations in paragraph 44 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

45.     The allegations in paragraph 45 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  By way of further response, the allegations of this paragraph refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

46.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

9

47.     The allegations in paragraph 47 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

48.     The allegations in paragraph 48 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

49.     The allegations in paragraph 49 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper, and therefore, such allegations are denied.

50.     The allegations in paragraph 50 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

51.     The allegations in paragraph 51 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

52.     The allegations in paragraph 52 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

53.     The allegations in paragraph 53 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any

FPDOCS 34134633.3

remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

54.     The allegations in paragraph 54 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

55.     The allegations in paragraph 55 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper, and therefore, such allegations are denied.

56.     The allegations in paragraph 56 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is admitted only that Ecolab hired Mr. Whillock and that Mr. Whillock was a former PeroxyChem Employee.  The remaining allegations in this Paragraph are denied.

57.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

58.     The allegations in paragraph 58 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.  By way of further response, it is admitted that Ecolab made an offer of employment to Mr. Whillock prior to March 3, 2016.

59.     The allegations in paragraph 59 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

FPDOCS 34134633.3

60.     The allegations in paragraph 60 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

61.     The allegations in paragraph 61 of Plaintiff's Second Amended Verified Complaint are admitted.

62.     The allegations in paragraph 62 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

63.     The allegations in paragraph 63 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

64.     The allegations in paragraph 64 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.  To the extent a response is required, Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies such allegations.

65.     The allegations in paragraph 65 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

66.     The allegations in paragraph 66 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

FPDOCS 34134633.3

67.     The allegations in paragraph 67 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

68.     The allegations in paragraph 68 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.  To the extent a response is required, Ecolab is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68, and therefore, denies such allegations.

69.     The allegations in paragraph 69 of Plaintiff's Second Amended Verified Complaint are admitted.

70.     The allegations in paragraph 70 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

71.     The allegations in paragraph 71 of the Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

72.     The allegations in paragraph 72 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper, and therefore, such allegations are denied.  By way of further response, the allegations in this paragraph constitute conclusions of law, to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

FPDOCS 34134633.3

73.     The allegations in paragraph 73 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.  By way of further response, the allegations in this paragraph constitute conclusions of law, to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

74.     The allegations in paragraph 74 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

75.     The allegations in paragraph 75 of Plaintiff's Second Amended Verified Complaint are admitted in part and denied in part.  It is admitted only that Mr. Chancey began working for PeroxyChem after March 2016.  The remaining allegations of this paragraph are denied.

76.     The allegations in paragraph 76 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

77.     The allegations in paragraph 77 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

78.     The allegations in paragraph 78 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

FPDOCS 34134633.3

79.     The allegations in paragraph 79 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

80.     The allegations in paragraph 80 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

81.     The allegations in paragraph 81 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

82.     The allegations in paragraph 82 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

83.     The allegations in paragraph 83 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

84.     The allegations in paragraph 84 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

85.     The allegations in paragraph 85 of Plaintiff's Second Amended Verified Complaint are denied.

86.     The allegations in paragraph 86 of the Plaintiff's First Amended Verified Complaint are admitted in part.  It is admitted that the IPPE took place from on or about January 31, 2017 through February 2, 2017 in Atlanta, Georgia.  Ecolab is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph relating to the number or identity of PeroxyChem employees who attended the IPPE.

87. The allegations contained in paragraph 87 of Plaintiff's Second Amended Verified Complaint are denied. By way of further response, the document to which this paragraph of Plaintiff's Second Amended Verified Complaint refers states that Carlin was approached by Todd Traicoff, Ecolab Area Vice President, who did not attend the IPPE. This attempt to mischaracterize the terms of the writing is improper, and therefore, such allegations are denied.

88. The allegations in paragraph 88 of Plaintiff's Second Amended Verified Complaint are denied. To the contrary, it was Carlin who approached Adam Marconi ("Mr. Marconi"), not the opposite, as alleged in Plaintiff's Second Amended Verified Complaint.

89. The allegations in paragraph 89 of Plaintiff's Second Amended Verified Complaint are denied. By way of further answer, it was Carlin who approached Mr. Marconi and who asked about employment opportunities at Ecolab.

90. The allegations in paragraph 90 of Plaintiff's Second Amended Verified Complaint are denied.

91. The allegations in paragraph 91 of Plaintiff's Second Amended Verified Complaint are denied. By way of further response, Ecolab is without knowledge or information regarding what Carlin may have meant by the term "others", if he used such a term at all, and the allegations relating to Carlin's use of the term "others" are therefore denied. Further, it is denied that Marconi "recruited" Carlin. To the contrary, it was Carlin who approached Marconi and who asked about employment opportunities at Ecolab.

92.     The allegations in paragraph 92 of Plaintiff's Second Amended Verified Complaint are denied.  By way of further answer, it was Carlin who approached Mr. Marconi and who asked about employment opportunities at Ecolab.

93.     The allegations in paragraph 93 of Plaintiff's Second Amended Verified Complaint are denied.  By way of further answer, it was Carlin who approached Mr. Marconi and who asked about employment opportunities at Ecolab.

94.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

95.     The allegations in paragraph 95 of Plaintiff's Second Amended Verified Complaint are denied.  By way of further answer, it was Carlin who approached Mr. Marconi and who asked about employment opportunities at Ecolab.

96.     The allegations in paragraph 96 of Plaintiff's Second Amended Verified Complaint are denied.  To the contrary, it was Carlin who approached Mr. Marconi and who asked about employment opportunities at Ecolab.

97.     The allegations in paragraph 97 of Plaintiff's Second Amended Verified Complaint are denied.

98.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

99.     The allegations in paragraph 99 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.  By way of further response, the

allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

100.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

101.    The allegations in paragraph 101 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.  By way of further response, Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph 101 and, accordingly, such allegations are denied.

102.    The allegations in paragraph 102 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

103.    The allegations in paragraph 103 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

104.    The allegations in paragraph 104 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

105.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

106.    The allegations in paragraph 106 of Plaintiff's Second Amended Verified Complaint, inclusive of subparts (a) through (d), refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

107.    The allegations in paragraph 107 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

108.    The allegations in paragraph 108 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

109.    The allegations in paragraph 109 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent the allegations in this paragraph are deemed factual, they are denied.

110.    The allegations in paragraph 110 of Plaintiff's Second Amended Verified Complaint, inclusive of subparts (a) through (j), refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

111.    The allegations in paragraph 111 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

19

112.    The allegations in paragraph 112 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.  By way of further response, Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, accordingly, such allegations are denied.

113.    The allegations in paragraph 113 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

114.    The allegations in paragraph 114 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent that the allegations in this paragraph are deemed factual, they are denied.

115.    The allegations in paragraph 115 of Plaintiff's Second Amended Verified Complaint are denied as stated.  Ecolab admits only that Mr. Traicoff communicated with Andrea Johnson.  Ecolab never offered Andrea Johnson employment.  By way of further response, Ecolab engaged in no unlawful conduct with respect to communications with Ms. Johnson.

116.    The allegations in paragraph 116 of Plaintiff's Second Amended Verified Complaint are admitted.  By way of further response, it is admitted that Ecolab hired Mr. Chancey, and that he is currently employed by Ecolab.  The remaining allegations this paragraph are, upon information and belief, admitted.

117.    The allegations in paragraph 117 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

118.    The allegations in paragraph 118 of Plaintiff's Second Amended Verified Complaint are admitted in part and denied in part.  It is admitted only that Mr. Chancey reports to Mr. Traicoff.  The remaining allegations in this paragraph are denied.

119.    The allegations in paragraph 119 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is admitted that Ecolab offered Hughes a position as an Account Manager, Food & Beverage, on or about May 8, 2017.

120.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of Plaintiff's Second Amended Verified Complaint, and, accordingly, such allegations are denied.  Upon information and belief, the allegations in paragraph 120 of Plaintiff's Second Amended Verified Complaint are admitted.

121.    The allegations in paragraph 121 of Plaintiff's Second Amended Verified Complaint refer to a writing which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

122.    The allegations in paragraph 122 of Plaintiff's Second Amended Verified Complaint refer to a writing which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

123.    The allegations in paragraph 123 of Plaintiff's Second Amended Verified Complaint refer to a writing which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

124.    The allegations in paragraph 124 of Plaintiff's Second Amended Verified Complaint refer to a writing which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

125.     The allegations in paragraph 125, inclusive of its subparts (a) through (d), of Plaintiff's Second Amended Verified Complaint refer to a writing which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

126.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

127.     The allegations in paragraph 127 refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.  By way of further response, Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

128.     The allegations in paragraph 128 of Plaintiff's Second Amended Verified Complaint are admitted.

129.     The allegations in paragraph 129 of Plaintiff's Second Amended Verified Complaint are denied.

130.     The allegations in paragraph 130 of Plaintiff's Second Amended Verified Complaint refer to a writing which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

131.     The allegations in paragraph 131 refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

132.    The allegations in paragraph 132 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent the allegations of this paragraph are deemed factual, they are denied.

133.    The allegations in paragraph 133 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper, and therefore, such allegations are denied.

134.    The allegations in paragraph 134 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

135.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

136.    The allegations contained in paragraph 136 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is admitted that Pilgrim's Pride is a poultry processor.  It is denied that Pilgrim's Pride Moorefield or Broadway are exclusively PeroxyChem customers.  Ecolab is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, accordingly, such allegations are denied.

137.    The allegations in paragraph 137 of Plaintiff's Second Amended Verified Complaint refer to a writing which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper; therefore, such allegations are denied.

138.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

139.    The allegations in paragraph 139 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent the allegations of this paragraph are deemed factual, they are denied.

140.    The allegations in paragraph 140 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.  By way of further response, the allegations in this paragraph constitute conclusions of law, to which no responsive pleading is required.

141.    The allegations in paragraph 141 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

142.    The allegations in paragraph 142 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and therefore, such allegations are denied.

143.    The allegations in paragraph 143 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph are deemed factual, they are denied.

144.    The allegations in paragraph 144 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

145.    The allegations in paragraph 145 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent

that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

146.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of Plaintiff's Second Amended Verified Complaint and, therefore, denies such allegations.

147.    The allegations in paragraph 147 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and as such, any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

148.    The allegations in paragraph 148, inclusive of its subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and as such, any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

149.    The allegations in paragraph 149 of Plaintiff's Second Amended Verified Complaint are denied as stated.  By way of further response, Ecolab is without knowledge or information sufficient to determine the precise nature of Tubb's and Humphrey's job responsibilities at PeroxyChem.  Finally, it is denied that Mr. Marconi told Carlin that Ecolab wanted to "poach" a "team" or that he Ecolab wanted Carlin "to help recruit" at team.

150.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of Plaintiff's Second Amended Verified Complaint and, therefore, denies such allegations.

151.    The allegations in paragraph 151 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and as such, any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

FPDOCS 34134633.3

152.    The allegations in paragraph 152 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  By way of further response, Ecolab and PeroxyChem are not direct competitors in that Ecolab provides certain products and services that PeroxyChem does not.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

153.    The allegations in paragraph 153 of Plaintiff's Second Amended Verified Complaint are denied.

154.    The allegations in paragraph 154 of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and as such, any attempt to paraphrase or mischaracterize their terms is improper; therefore, such allegations are denied.

155.    The allegations in paragraph 155 of Plaintiff's Second Amended Verified Complaint are denied as stated.  By way of further response, it is denied that Ecolab has extended offers of employment to "at least half of the PeroxyChem Poultry Team".

156.    The allegations in paragraph 156 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in this paragraph are deemed factual, they are denied.  By way of further response, Ecolab is not unfairly competing with PeroxyChem.

157.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of Plaintiff's Second Amended Verified Complaint and, therefore, denies such allegations.

158.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of Plaintiff's Second Amended Verified Complaint and, therefore, denies such allegations.

159.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 of Plaintiff's Second Amended Verified Complaint and, therefore, denies such allegations.

160.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of Plaintiff's Second Amended Verified Complaint and, therefore, denies such allegations.

161.     Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of Plaintiff's Second Amended Verified Complaint and, therefore, denies such allegations.

162.     The allegations in paragraph 162 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph are deemed factual, they are denied.  By way of further response, the allegations in this paragraph refer to writings, which speak for themselves, and any attempt to mischaracterize their terms is improper, and therefore, such allegations are denied.

163.     The allegations in paragraph 163 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph are deemed factual, they are denied.  By way of further response, the allegations in this paragraph refer to writings, which speak for themselves, and any attempt to mischaracterize their terms is improper, and therefore, such allegations are denied.

164.   The allegations in paragraph 164 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to mischaracterize their terms is improper, and therefore, such allegations are denied.  By way of further of further response, Ecolab is without knowledge or information sufficient to form a belief as to the truth that "PeroxyChem's 'system improvement' methods are amongst the most sensitive and valuable information at PeroxyChem."  The remaining allegations in this paragraph are denied.

165.   The allegations in paragraph 165 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to mischaracterize its terms is improper, and therefore, such allegations are denied.

166.   The allegations in paragraph 166 of Plaintiff's Second Amended Verified Complaint refer to a writing, which speaks for itself, and any attempt to mischaracterize or paraphrase its terms is improper, and therefore, such allegations are denied.

167.   The allegations in paragraph 167 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  By way of further response, Ecolab denies that it has misappropriated PeroxyChem's trade secrets and confidential information or tortiously interfered with the Hughes and Bromley Agreements "as they relate to disclosure of PeroxyChem's confidential information".  The remaining allegations are directed to another party, and therefore, Ecolab is not required to respond to those allegations.

168.   The allegations in paragraph 168 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law, to which no responsive pleading is required.  To the extent any remaining allegations in this paragraph are deemed factual, they are denied.

FPDOCS 34134633.3

169.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

170.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170, inclusive of subparts (a) through (j), of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.

171.    The allegations in paragraph 171 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

172.    The allegations in paragraph 172 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is denied that Ecolab has engaged in any unlawful conduct that has caused PeroxyChem "lost employee[s]", "lost sales", or that has caused it to lose "future sales and sales opportunities".  With respect to the impact of each alleged "lost employee" or "lost sale" on PeroxyChem, Ecolab is without knowledge or information sufficient to form a belief as to the truth of these allegations, and, accordingly, such allegations are denied.

173.    The allegations in paragraph 173 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

174.    The allegations in paragraph 174 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent

that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

175.    The allegations in paragraph 175 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further response, the allegations in this paragraph of Plaintiff's Second Amended Verified Complaint refer to writings, which speak for themselves, and any attempt to mischaracterize their terms is improper, and therefore, such allegations are denied.

176.    The allegations in paragraph 176 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

177.    The allegations in paragraph 177, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

## COUNT I
## UNFAIR COMPETITION

178.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

179.    The allegations in paragraph 179 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint

are deemed factual, they are denied.  By way of further response, Ecolab denies that it "has engaged (and continues to engage) in a systematic raid of PeroxyChem's Poultry Team."  Ecolab hired four former PeroxyChem employees, one of which PeroxyChem terminated, and the other three of whom disclosed their potential employment with Ecolab to PeroxyChem and gave PeroxyChem the opportunity to object to their positions with Ecolab.  PeroxyChem did not object to their acceptance of positions with Ecolab.

180.    The allegations in paragraph 180 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

181.    The allegations in paragraph 181 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is admitted that Ecolab hired Bromley, Hughes, and Chancey. By way of further response, Ecolab has not "recruited" or extended offers of employment to a "critical mass" or "at least half" of the PeroxyChem Poultry Team.

182.    The allegations in paragraph 182 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further answer, the allegations of this paragraph refer to a writing, which speaks for itself, and any attempt to mischaracterize its terms is improper, and therefore, such allegations are denied.

183.    The allegations in paragraph 183 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent

that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

184.     The allegations in paragraph 184 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

185.     The allegations in paragraph 185 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further answer, Ecolab has not "orchestrated a raid" of PeroxyChem employees.  Ecolab employs four former PeroxyChem employees, one of whom was fired by PeroxyChem, and the other three of whom hold positions that were disclosed to PeroxyChem and to which PeroxyChem did not object.

186.     The allegations in paragraph 186 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is admitted that Ecolab was aware of the agreements attached as Exhibits A-C to the Second Amended Verified Complaint.  By way of further answer, out of the four former PeroxyChem employees hired by Ecolab, one was fired by PeroxyChem, and the other three hold positions that were disclosed to PeroxyChem and to which PeroxyChem did not object.

187.     The allegations in paragraph 187 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further response, Ecolab hired four former

PeroxyChem Poultry Team members for lawful purposes.  Additionally, of the four former PeroxyChem employees who work for Ecolab, one was fired by PeroxyChem, and the other three hold positions that were disclosed to PeroxyChem and to which PeroxyChem did not object.

188.    The allegations in paragraph 188 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further response, Ecolab hired four former PeroxyChem Poultry Team members for lawful purposes.  Additionally, of the four former PeroxyChem employees who work for Ecolab, one was fired by PeroxyChem, and the other three hold positions that were disclosed to PeroxyChem and to which PeroxyChem did not object.

189.    The allegations in paragraph 189 of Plaintiff's Second Amended Verified Complaint are denied.  By way of further response, it was Carlin who approached Ecolab about employment at Ecolab. Additionally, Ecolab hired Whillock, Bromley, Chancey, and Hughes for lawful purposes.  Of the four former PeroxyChem employees who work for Ecolab, one was fired by PeroxyChem, and the other three hold positions that were disclosed to PeroxyChem and to which PeroxyChem did not object.

190.    The allegations in paragraph 190 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

191.    The allegations in paragraph 191 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent

FPDOCS 34134633.3

that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

192.    The allegations in paragraph 192 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

193.    The allegations in paragraph 193 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

194.    The allegations in paragraph 194, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT II
## TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS WITH FORMER PEROXYCHEM EMPLOYEES HUGHES, BROMLEY, AND CHANCEY

195.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

196.    The allegations in paragraph 196 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

197.    The allegations in paragraph 197 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

198.    The allegations in paragraph 198 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

199.    The allegations in paragraph 199 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is admitted that Ecolab was aware of the documents attached as Exhibits A, B, and C to the Second Amended Verified Complaint.  It is denied that the referenced provisions were valid or enforceable.  By way of further response, Mr. Hughes', Mr. Bromley's, and Mr. Chaney's offers of employment from Ecolab were disclosed to PeroxyChem, and PeroxyChem approved of Mr. Hughes', Mr. Bromley's, and Mr. Chancey's respective positions and responsibilities for Ecolab.

200.    The allegations in paragraph 200 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further response, Mr. Hughes' offer of employment

35

from Ecolab was disclosed to PeroxyChem, and it approved of Mr. Hughes' position and responsibilities for Ecolab.

201.   The allegations in paragraph 201 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further response, Mr. Bromley's offer of employment from Ecolab was disclosed to PeroxyChem, and it approved of Mr. Bromley's position and responsibilities for Ecolab.

202.   The allegations in paragraph 202 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.  By way of further response, Mr. Chancey's offer of employment from Ecolab was disclosed to PeroxyChem, and it approved of Mr. Chancey's position and responsibilities for Ecolab.

203.   The allegations in paragraph 203 of Plaintiff's Second Amended Verified Complaint are denied as stated.  It is admitted that Ecolab was aware of the documents attached as Exhibits A, B, and C to the Second Amended Verified Complaint at the time it hired Mr. Hughes, Mr. Bromley, and Mr. Chancey.  By way of further response, Mr. Hughes', Mr. Bromley's, and Mr. Chancey's offers of employment from Ecolab were disclosed to PeroxyChem, and it approved of Mr. Hughes', Mr. Bromley's, and Mr. Chancey's positions and responsibilities for Ecolab.

204.   The allegations in paragraph 204 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent

FPDOCS 34134633.3

that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

205.   The allegations in paragraph 205 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

206.   The allegations in paragraph 206 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

207.   The allegations in paragraph 207 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

208.   The allegations in paragraph 208, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

FPDOCS 34134633.3

<u>COUNT III</u>
<u>BREACH OF CONTRACT – BREACH OF NON-COMPETITION COVENANTS</u>

209.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

210.    The allegations in paragraph 210 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

211.    The allegations in paragraph 211 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

212.    The allegations in paragraph 212 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

213.    The allegations in paragraph 213 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those

FPDOCS 34134633.3

allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

214.   The allegations in paragraph 214 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

215.   The allegations in paragraph 215 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

216.   The allegations in paragraph 216 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

FPDOCS 34134633.3

217.    The allegations in paragraph 217 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

218.    The allegations in paragraph 218 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

219.    The allegations in paragraph 219 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

220.    The allegations in paragraph 220 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

40

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

221.    The allegations in paragraph 221, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

**COUNT IV**
**BREACH OF CONTRACT – FOR BREACH OF COVENANTS NOT TO SOLICIT OR**
**INTERFERENCE WITH PEROXYCHEM CUSTOMERS**

222.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

223.    The allegations in paragraph 223 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

224.    The allegations in paragraph 224 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those

41

allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

225.   The allegations in paragraph 225 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

226.   The allegations in paragraph 226 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

227.   The allegations in paragraph 227 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

228.   The allegations in paragraph 228 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

229.   The allegations in paragraph 229 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

230.   The allegations in paragraph 230 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

231.   The allegations in paragraph 231 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

232.    The allegations in paragraph 232, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem, LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT V:  BREACH OF CONTRACT – FOR BREACH OF COVENANTS PROHIBITING DISCLOSURE OF CONFIDENTIAL INFORMATION

233.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

234.    The allegations in paragraph 234 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

235.    The allegations in paragraph 235 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those

allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

236.    The allegations in paragraph 236 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

237.    The allegations in paragraph 237 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

238.    The allegations in paragraph 238 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

239.    The allegations in paragraph 239 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

240.    The allegations in paragraph 240 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

241.    The allegations in paragraph 241 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

242.    The allegations in paragraph 242 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

46

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

243.    The allegations in paragraph 243, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem, LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT VI:  BREACH OF CONTRACT –BREACH OF NON-COMPETITION COVENANT

244.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

245.    The allegations in paragraph 245 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

246.    The allegations in paragraph 246 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those

allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

247.   The allegations in paragraph 247 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

248.   The allegations in paragraph 248 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

249.   The allegations in paragraph 249 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

250.     The allegations in paragraph 250 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

251.     The allegations in paragraph 251 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

252.     The allegations in paragraph 252 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

253.     The allegations in paragraph 253 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

254.    The allegations in paragraph 254 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

255.    The allegations in paragraph 255 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

256.    The allegations in paragraph 256, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem,

LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT VII:  BREACH OF CONTRACT – FOR BREACH OF COVENANTS NOT TO SOLICIT PEROXYCHEM EMPLOYEES

257.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

258.    The allegations in paragraph 258 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

259.    The allegations in paragraph 259 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

260.    The allegations in paragraph 260 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

FPDOCS 34134633.3

261.    The allegations in paragraph 261 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

262.    The allegations in paragraph 262 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

263.    The allegations in paragraph 263 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

264.    The allegations in paragraph 264 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

265.    The allegations in paragraph 265 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

266.    The allegations in paragraph 266 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

267.    The allegations in paragraph 267, inclusive of subparts (a) through (g), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem,

LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT VIII:  BREACH OF CONRACT – FOR BREACH OF COVENANTS PROHIBITING DISCLOSURE OF CONFIDENTIAL INFORMATION

268.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

269.    The allegations in paragraph 269 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

270.    The allegations in paragraph 270 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

271.    The allegations in paragraph 271 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

54

272.     The allegations in paragraph 272 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

273.     The allegations in paragraph 273 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

274.     The allegations in paragraph 274 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

275.     The allegations in paragraph 275 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.   To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

276.    The allegations in paragraph 276 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

277.    The allegations in paragraph 277 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

278.    The allegations in paragraph 278, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem,

LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT IX:  BREACH OF CONTRACT – BREACH OF NON-COMPETITION COVENANT

279.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

280.    The allegations in paragraph 280 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

281.    The allegations in paragraph 281 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

282.    The allegations in paragraph 282 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

283.    The allegations in paragraph 283 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

284.    The allegations in paragraph 284 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

285.    The allegations in paragraph 285 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

286.    The allegations in paragraph 286 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

287.    The allegations in paragraph 287 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

288.    The allegations in paragraph 288 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

289.    The allegations in paragraph 289 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

290.    The allegations in paragraph 290, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond

to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem, LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT X:  BREACH OF CONTRACT – FOR BREACH OF COVENANTS NOT TO SOLICIT OR INTERFERE WITH PEROXYCHEM CUSTOMERS

291.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

292.    The allegations in paragraph 292 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

293.    The allegations in paragraph 293 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

FPDOCS 34134633.3

294.    The allegations in paragraph 294 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

295.    The allegations in paragraph 295 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

296.    The allegations in paragraph 296 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

297.    The allegations in paragraph 297 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is

required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

298.    The allegations in paragraph 298 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

299.    The allegations in paragraph 299 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

300.    The allegations in paragraph 300 of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

301.    The allegations in paragraph 301, inclusive of subparts (a) through (e), of Plaintiff's Second Amended Verified Complaint are directed to another party and, therefore, Ecolab is not required to respond to those allegations.  To the extent Ecolab may be deemed required to respond

to the allegations, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem, LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT XI – MISAPPROPRIATION OF TRADE SECRETS UNDER THE PENNSYLVANIA TRADE SECRETS ACT, 12 Pa. C.S. § 5301, *ET SEQ.*

302.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

303.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 303 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.  By way of further response, the allegations in Paragraph constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

304.    The allegations of paragraph 304 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

305.    The allegations of paragraph 305 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent

FPDOCS 34134633.3

that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

306.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 306 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.  By way of further response, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

307.    The allegations of paragraph 307 of Plaintiff's Second Amended Verified Complaint, inclusive of subparts (a) through (d), constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

308.    The allegations of paragraph 308 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

309.    The allegations of paragraph 309 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

310.    The allegations of paragraph 310 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent

that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

311.    The allegations of paragraph 311 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

312.    The allegations of paragraph 312 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem, LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## COUNT XII MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1832, *ET SEQ.*

313.    The foregoing paragraphs are incorporated herein by reference as through set forth at length herein.

314.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 314 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.   By way of further response the allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

315.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 315 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

316.    The allegations of paragraph 316 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

317.    The allegations of paragraph 317 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

318.    Ecolab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 318 of Plaintiff's Second Amended Verified Complaint and, accordingly, such allegations are denied.  By way of further response, the allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

319.    The allegations of paragraph 319 of Plaintiff's Second Amended Verified Complaint, inclusive of subparts (a) through (d), constitute conclusions of law to which no

66

responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

320.   The allegations of paragraph 320 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

321.   The allegations of paragraph 321 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

322.   The allegations of paragraph 322 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

323.   The allegations of paragraph 323 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

324.   The allegations of paragraph 324 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

325.    The allegations of paragraph 325 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

326.    The allegations of paragraph 326 of Plaintiff's Second Amended Verified Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Second Amended Verified Complaint are deemed factual, they are denied.

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Amended Verified Complaint of Plaintiff PeroxyChem, LLC and granting attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Ecolab denies any and all allegations in Plaintiff's *ad damnum* clause and demands judgment dismissing the Second Verified Complaint of Plaintiff PeroxyChem, LLC and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

In further answering Plaintiff's Second Amended Verified Complaint, Ecolab hereby asserts as follows:

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, acquiescence, ratification.  Plaintiff approved Ecolab's hiring of Mr. Hughes, Mr. Bromley, Mr. Chancey, and Mr. Whillock in their defined roles.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.  Upon information and belief, Plaintiff has selectively enforced its purported rights under the Confidential Information, Inventions & Key Employee Agreement.  Specifically, Plaintiff has agreed with other former PeroxyChem Poultry Team members to only enforce the non-competition covenant of the Agreement to the extent that it prevents those employees from soliciting customers they used to service on behalf of Plaintiff.  Such conduct evidences Plaintiff's own acknowledgement that it does not have a legitimate business interest in completely preventing former Poultry Team Members from conducting business in poultry, and Plaintiff is estopped from arguing to the contrary in this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are based, in whole or in part, on unenforceable contracts that are broader than necessary to protect any legitimate business interests of PeroxyChem.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to mitigate its alleged damages.

FPDOCS 34134633.3

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any damages, it is a result of its own conduct.  By way of example, Plaintiff failed to adequately inform its customers which sales representatives would take over the accounts previously serviced by employees who were hired by Ecolab, forcing some customers to reach out to former employees such as Mr. Hughes to ask him who was taking over their account. If there is any harm to any of PeroxyChem's business relationships, it results from Plaintiff's own business practices, including but not limited to its failure to have its sales representatives promptly make contact and a build a relationship with customers.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Ecolab are barred, in part, because Ecolab did not encourage its employees to breach any enforceable post-employment obligations.

## NINTH AFFIRMATIVE DEFENSE

Ecolab and its employees did not engage in any conduct that would constitute an illegal interference with any of Plaintiff's contractual relations.  Ecolab has a competitor's privilege to compete with PeroxyChem, and any and all conduct alleged to constitute interference was subject to and protected by that privilege.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in part, because Ecolab and its employees did not engage in any unlawful interference with Plaintiff's existing relationships with its customers.  Any accounts developed by Ecolab were developed through lawful, fair competition.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in part, because Ecolab and its employees did not interfere with Plaintiff's existing relationship with its suppliers.

FPDOCS 34134633.3

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in part, because Ecolab and its employees did not interfere with Plaintiff's existing relationship with its employees.  To the contrary, Ecolab has not offered employment to any current or former PeroxyChem Poultry Team member besides Mr. Hughes, Mr. Bromley, Mr. Chancey, and Mr. Whillock.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which an award can be granted for attorneys' fees and costs incurred in connection with this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek enforcement of restrictive covenants that have expired and are no longer in effect.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged damages were not caused by any unlawful conduct on the part of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorneys' fees and exemplary damages under the Pennsylvania Uniform Trade Secrets Act and under the Defense of Trade Secrets Act are barred because Ecolab has not engaged in willful and malicious conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the Defense of Trade Secrets Act are barred because the alleged conduct occurred prior to the effective date of the Defense of Trade Secrets Act.

FPDOCS 34134633.3

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorneys' fees and exemplary damages pursuant to the Defense of Trade Secrets Act is further barred because plaintiff has failed to meet the prerequisites for such an award, including by adhering to the notice of immunity provisions of the Defense of Trade Secrets Act.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for relief in Paragraph (a)(ii) of its Prayer for Relief constitutes an unlawful attempt to obtain adjudication of the contract rights of third parties who are not parties to this litigation, and to consequently require Ecolab to refrain from employing those individuals in unspecified ways that would allegedly be in violation of unspecified contracts. Specifically, Plaintiff seeks an order prohibiting Ecolab from "hiring or using any current [or] former PeroxyChem employee (including, but limited to Hughes, Bromley, and Chancey) in such a way as to violate his or her contractual obligations to PeroxyChem, or encouraging or assisting them to do so." *See* Plaintiff's Second Amended Verified Complaint at p. 33. Through this request, PeroxyChem seeks an order enforcing post-employment restrictive covenants that may or may not have been signed by an unknown number of unnamed PeroxyChem employees, which in this request for relief is not limited to Poultry Team Employees but rather appears to cover all PeroxyChem personnel, in a manner that would prohibit those employees from seeking employment at an alternative location, would prevent Ecolab from recruiting or hiring those employees, and would limit those employees' rights to engage in fairly competitive conduct, without PeroxyChem having pleaded or proved any of the elements and legal requirements necessary to obtain an injunction as to the specific agreements signed by the specific employees who are the subject of this request for relief.

## TWENTIETH AFFIRMATIVE DEFENSE

The information at issue cannot be a trade secret because it is not, in fact, confidential. The alleged trade secrets are publicly available or readily ascertainable by proper means.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The information at issue is neither a trade secret nor confidential, and is not treated by Plaintiff as such.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act and the Defense of Trade Secrets Act, must fail because Plaintiff has not taken measures to protect its alleged trade secret information that are reasonable under the circumstances.

Respectfully submitted,

FISHER & PHILLIPS LLP

By: /s Christopher P. Stief
Christopher P. Stief, Esquire (72505)
Risa B. Boerner, Esquire (76427)
Michael P. Avila, Esquire (311348)
Brian R. Ellixson, Esquire (319083)
Fisher & Phillips LLP
150 N. Radnor Chester Road, Suite C300
Radnor, PA  19087
(610) 230-2130 (phone)
(610) 230-2151 (facsimile)
cstief@fisherphillips.com

*Attorneys for Defendants*

Dated:  July 5, 2018

FPDOCS 34134633.3

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Answer and Affirmative

Defenses of Defendant Ecolab, Inc. to Plaintiff's Second Amended Verified Complaint is being

served this 5th day of July, 2018, via the Court's electronic filing system and first-class mail as

follows:

> Shannon Hampton Sutherland, Esquire
> Jessica Priselac, Esquire
> Amy Elise Farris, Esquire
> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA 19103
> shsutherland@duanemorris.com
> jpriselac@duanemorris.com
> AEFarris@duanemorris.com
> *Attorneys for Plaintiff PeroxyChem*

/s/ Brian R. Ellixson